**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KAL DRILLING, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-0619-F |
| | ) | |
| BURAY ENERGY | ) | |
| INTERNATIONAL, LLC.,  CURTIS | ) | |
| ALAN JOHN and JOHN O. | ) | |
| SCHOFIELD, | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

At the court's request, the parties have submitted briefs on the issue of whether this court has personal jurisdiction over the two individual defendants in this action, Mr. Curtis Alan John and Mr. John O. Schofield.  In light of the illness of one of plaintiff's witnesses, and given that no motion to dismiss has been filed,  the court has determined that it is most appropriate to decide this issue preliminarily based on the papers now before the court.  In this posture, the question is whether plaintiff has made a *prima facie* showing of jurisdiction over the individual defendants.

The burden of proof (here, to make a *prima facie* showing) rests on the party asserting the existence of personal jurisdiction.  All American Car Wash, Inc. v. National Pride Equipment, 550 F. Supp. 166, 169 (W.D. Okla. 1981) and authorities cited in that decision.  The burden is met by showing that jurisdiction is conferred by Oklahoma's long-arm statutes – statutes which extend to the outer limits permitted by the due process constraints of the United States Constitution.  *Id*.  Due process requires that in order to subject a defendant to jurisdiction, a defendant must have certain minimum contacts with the forum state such that maintenance of the suit does

not offend traditional notions of fair play and substantial justice.  *Id*.  In determining the sufficiency of a defendant's contacts, the court considers the totality of contacts between the nonresident defendant and the state.  *Id*.

Plaintiff has conceded that, at this stage, it does not have sufficient evidence to establish personal jurisdiction over the individual defendants based on an alter ego, or a fiduciary shield, doctrine.  Rather, plaintiff contends that it is the presence of the fraud claim in this action which allows the court to assert personal jurisdiction over the individual defendants.  In support of this contention, plaintiff asserts the principle that corporate officers are personally liable for the alleged tortious conduct of the corporation, if the officers personally took part in the commission of the tort or if they specifically directed officers, agents or employees of the corporation to commit such acts.  *Id*.  In such cases, contacts sufficient to support personal liability of a corporate officer are sufficient to support in personam jurisdiction.  *Id*.

Through the affidavit of Mr. Kent Baker, plaintiff has presented evidence that Mr. John attended a meeting in Oklahoma City regarding one or more of the drilling contracts in issue with respect to the fraud claim.  Mr. Baker's affidavit also states that Mr. Schofield appeared in plaintiff's offices in Oklahoma City to discuss engaging plaintiff to drill at least one of the two wells in issue in this action.  Plaintiff has also identified deposition testimony from Mr. John which suggests that the defendants did not intend for the July 28 drilling contract (which plaintiff contends is the signed contract) to be enforceable because the defendants wanted plaintiff to meet their obligations under an earlier contract (which plaintiff contends was not a signed contract).  Mr. John's deposition testimony on that point could be characterized as ambiguous or evasive.  When plaintiff's attorney attempted to follow up, Mr. Johns was instructed not to answer.

The court finds and concludes that, in connection with the fraud claim, a *prima facie* showing of jurisdiction over the individual defendants has been made which is sufficient to satisfy due process requirements.  *See*, *id*. at 170 (where individual defendant made trips to Oklahoma in connection with matters at issue in the litigation, there was *prima facie* evidence sufficient for *in personam* jurisdiction over that defendant, under the rule that corporate officers are personally liable for the alleged tortious conduct of the corporation if the officers personally took part in the commission of the tort or directed others' conduct in that regard).

After careful consideration of the parties' submissions and the relevant legal authorities, the court continues to exercise *in personam* jurisdiction over Mr. Schofield and Mr. Johns.  This determination is without prejudice to reconsideration of the issue at trial.

Dated this 26th day of January, 2007.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


06-0619p022(pub).wpd