## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

KAL DRILLING, INC.                )
                                  )
    Plaintiff,             )
                                  )
vs.                               )   Case No. CIV-06-0619-F
                                  )
BURAY ENERGY                      )
INTERNATIONAL, LLC, CURTIS        )
ALAN JOHN, and JOHN O.            )
SCHOFIELD,                        )
                                  )
    Defendants.            )

## ORDER

"Defendants' Motion for [partial] Summary Judgment," filed January 5, 2007, is before the court.  (Doc. no. 47.)  Plaintiff has responded, and the motion is ready for determination.

### I.  Background

This action is brought by KAL Drilling, Inc. (KAL) against Buray Energy International, LLC (Buray) and against two individual defendants, Curtis Alan John and John O. Schofield.  The second amended complaint (the complaint) alleges that KAL is an oil and gas well drilling contractor, and that Buray is an Indiana LLC engaged in the business of oil and gas exploration.  The complaint alleges that Mr. John and Mr. Schofield are each a member and co-manager of Buray and that each of them own 50% of the issued units in Buray.  The complaint further alleges that Buray is the operator of, and a working interest owner in, two wells located in Leflore County, Oklahoma, the Perkins #1-16 and the Griffith #1-15.  This action arises out of the parties' business dealings with respect to these two wells.

The complaint alleges a variety of claims against different defendants, but the motion seeks summary judgment with respect to only some of these claims. Specifically, the motion seeks judgment in defendants' favor on the third claim which alleges fraud against all three defendants; on the fourth and fifth claims which seek to foreclose KAL's oil and gas well liens, although the court finds that the motion is moot with respect to these claims,[1] and the sixth claim which alleges that the individual defendants are liable for the debts and liabilities of Buray based on an alter ego theory of liability.

## II.  Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.

---

[1]Cash deposits have been made with the LeFlore County Clerk in an amount sufficient to satisfy the liens, and the parties agree that the liens have been released.  Accordingly, the court has previously allowed the filing of a second amended complaint, substituting claims seeking to foreclose the cash deposits for the fourth and fifth claims which, as originally alleged, sought to foreclose the liens.  See, order at doc. no. 61; minute order at doc. no. 62.  The amendment moots the motion for summary judgment with regard to the fourth and fifth claims but does not otherwise affect the motion for summary judgment.  See, order at doc. no. 61 (advising parties that no new pleadings are necessary following the second amended complaint).

United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

### III.  Fraud Claim

Defendants challenge the sufficiency of the evidence to support KAL's fraud claim.  In support of that claim, KAL identifies Mr. John's deposition testimony regarding his intentions and conduct concerning the enforceability of the allegedly unsigned June 21, 2005 drilling contract and the allegedly signed July 28, 2005 drilling contract.  KAL relies on Mr. John's testimony that the signed drilling contract would be enforceable "only in the event that" the unsigned drilling contract was not enforceable.  KAL also relies on the fact that, at Mr. John's deposition, Mr. John's counsel instructed Mr. John not to answer follow-up questions on this subject.  This was so, despite the fact that Mr. John's response to the question propounded on the subject was noticeably evasive.  KAL further relies on Mr. John's conduct when Mr. John came to Oklahoma and negotiated a settlement of alleged overcharges based on day-rate charges that had been billed under the signed July 28 contract, without advising KAL of Buray's intentions regarding the enforceability of the two contracts.

KAL attaches correspondence from Mr. Schofield to KAL which asks KAL to execute the signature page for the July 28 drilling contract.  Essentially, KAL argues that the correspondence misrepresents Buray's intention that the July 28 contract was only enforceable in the event that the earlier contract was not enforceable.  Finally, an affidavit from Mr. Kent Baker which is attached to KAL's  brief on the issue of personal jurisdiction (doc. no. 52, Ex. 3) states that Mr. Schofield appeared in KAL's offices in Oklahoma City to discuss engaging KAL to drill at least one of the two wells in issue in this action.

The court finds and concludes that there are genuinely disputed issues of material fact which preclude summary judgment on the fraud claim. Especially where, as here, one of the principals in the moving party has attempted to avoid giving direct answers as to matters directly relevant to the claim on which summary judgment is sought, that claim is best determined on the basis of a complete evidentiary record, making it inappropriate to enter judgment on that claim at this stage.

### IV.  Alter Ego Theory of Liability

Under Oklahoma law, a corporation may be deemed to be a mere instrumentality of an individual if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation or vice versa, (4) corporate formalities are not followed, or (5) the corporation is merely a sham. Home-Stake Production Company v. Talon Petroleum, C.A., 907 F.2d 1012, 1018 (10th Cir. 1990) (applying Oklahoma law). Additionally, a court will disregard the corporate entity where fraud or illegal or inequitable conduct is the result of the use of the corporate structure. Edgar v. Fred Jones Lincoln-Mercury of Oklahoma City, Inc., 524 F.2d 162, 166 (10th Cir. 1975) (applying Oklahoma law; a court will disregard corporate entity where fraud is the result of the use of the corporate structure; piercing the corporate veil presents a fact question; concluding that the plaintiff was entitled to pursue discovery to either establish, or fail to establish, the existence of facts sufficient to justify piercing the corporate veil).

In response to the defendants' challenges to the sufficiency of the evidence to support an alter ego theory of liability, KAL attaches Buray's answers to interrogatories in which Buray represents that since January 1, 2005 Buray has no financial statements, no profits and loss statements, and no general ledgers. KAL also cites Mr. John's deposition testimony that Buray did not have financial statements or

a profit and loss statement, and that Mr. John did not know if Buray had a general ledger.

The court finds that there is at least some evidence to support the plaintiff's argument that Buray failed to observe the formalities normally incident to treatment as a separate entity.  Also,  the court has also determined that the fraud claim survives for trial.  As noted earlier, a fraud claim against a corporation, if proven, may support piercing the corporate veil.  Accordingly, the court finds and concludes that there are genuine issues of material fact which preclude summary judgment on the alter ego claim.  Even if this were not the case, the court has determined that alter ego claim is best determined on the basis of a complete evidentiary record, making it inappropriate to enter summary judgment on that claim at this stage.

## V.  Conclusion

Having carefully considered the parties' submissions, the record, and the relevant legal authorities, the court finds that the defendants have not shown that they are entitled to summary adjudication of any claims.  Defendants' motion for partial summary judgment is **DENIED**.

Dated this 1st day of February, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0619p018(pub).wpd