## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KAL DRILLING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-0619-F |
| | ) | |
| BURAY ENERGY | ) | |
| INTERNATIONAL, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

"Plaintiff KAL Drilling, Inc.'s Motion for Summary Judgment," filed April 2, 2007, is before the court.  (Doc. no. 94.)  Defendants have responded, plaintiff has replied, and the motion is ready for determination.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific

evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Much of plaintiff KAL's motion for summary judgment depends upon its contention that the second of two possible drilling contracts between plaintiff KAL Drilling, Inc. and Buray Energy International, L.L.C., is, as a matter of law, a valid and enforceable contract which constituted a novation and which rescinded an earlier drilling contract between the parties.[1] In response, defendant Buray contends that the second contract is void for lack of consideration and because it was obtained by economic duress.

In support of its economic duress argument, Buray relies on Centric Corporation v. Morrison-Knudsen Company, 731 P.2d 411 (Okla. 1986). In Centric, the Oklahoma Supreme Court held that economic duress was a possible basis for avoiding mutual release and settlement of claims between the parties. Id. The court noted that the common law rules regarding a finding of duress have been relaxed and that economic duress may consist of acts other than those proscribed by 15 O.S. §55. Id. at 415. The court stated that the applicability of the doctrine of economic duress turns on the question of whether the wrongful act is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure. Id. at 415-16. While noting that the trial court is not required to submit evidence to the jury which does not measure up to the required standard of proof, the court observed that the question of whether economic duress exists so as to invalidate a contract is "always a question of fact for the jury." Id. at 417.

---

[1]The first of the two possible contracts is dated June 21, 2005 and the second is dated July 28, 2005. The court refers to the documents of these dates as "contracts" or "agreements" only as a matter of convenience. Nothing stated in this order forecloses any issues concerning whether either of these two sets of documents constituted a legally binding and enforceable contract.

Buray has identified evidence which, if proven at trial, would be sufficient to support a jury finding of duress with regard to the signing of the second drilling contract.  For example, affidavit testimony from Mr. Curtis Alan John, a co-owner of Buray,  describes allegedly untrue statements by KAL's president, Mr. Kent Baker, which Mr. Baker purportedly made to Buray regarding the availability of KAL's rig no. 3.[2]  Mr. John's affidavit also describes other pertinent information regarding the status of rig no. 3 which Buray contends KAL withheld from Buray.  Mr. John describes exigencies -- such as pooling order deadlines, an unsuccessful effort at a later time to find a substitute rig, and the contention that rigs were then in short supply -- which Buray argues left it with no reasonable alternative except to sign the second, higher-priced drilling contract for rig no. 5.  Construing all disputed facts in Buray's favor as it must at this stage, KAL has not shown that Buray's economic duress argument is foreclosed by insufficient evidence.[3]

---

[2]KAL's reply brief argues that Mr. John's affidavit should be stricken.  The court agrees with the suggestion by KAL that at least parts of Mr. John's affidavit appear to dodge the question of to whom at Buray Kent Baker's statements were made and whether Mr. John has first-hand knowledge of those statements.  Nevertheless, the affidavit begins with the representation by Mr. John that he has been personally involved in the business dealings between Buray and KAL and that he is knowledgeable about the matters in the affidavit.  The affidavit also refers to at least some conversations between Mr. John and Mr. Baker.  Statements made to Mr. John by others reporting on conversations they had with Mr. Baker, would have been made in the course of those others' agency or employment.  Therefore, although the court makes no finding regarding the admissibility at trial of Mr. John's testimony regarding the matters covered in his affidavit, it finds that the affidavit may be considered for present purposes only.  Diminishing the importance of the admissibility of Mr. John's affidavit at this stage is the court's conclusion that even without the affidavit there are disputed material facts which make this case inappropriate for summary judgment.

[3]This conclusion does not, of course, predetermine the viability of the duress defense at trial, either for Rule 50 purposes or at the hands of the jury.  Nothing in Centric suggests that the benefit of the defense of duress is to be liberally bestowed.  The *submissibility* of that defense (if, indeed it is determined to be submissible) should not be confused with *plausibility*, especially where the complaining parties are experienced businessmen.

The viability of Buray's economic duress argument leaves the status of the second drilling contract in dispute.  This means that questions remain as to whether the second drilling contract constituted a valid novation and rescission of the earlier drilling contract.  These  issues, in turn, leave the enforceability of the first drilling contract as a material issue in this action.  That is a problem at the summary judgment stage because there are disputed questions concerning which parts of the earlier contract were or were not agreed to by the parties.  These questions arise from the fact that one of the signatures of Buray's co-owner's, Mr. John Schofield, does not appear in a space where that signature is called for on the first drilling contract.  Thus, there are disputed material fact questions regarding the parties' intent with respect to, and their subsequent possible ratification of, the first drilling contract.

Regardless of the status of the first or second drilling agreement, KAL's motion for summary judgment makes other fact disputes apparent, as well.  For example, there are disputed facts with respect to which party, under either drilling agreement, bore the risk of inaccurate Sure Shot disc readings.  There are also disputed facts concerning the accuracy of KAL's billings.  Finally, there are disputed facts and evidence as to whether KAL breached the duty of good faith and fair dealing which is implied in every Oklahoma contract.[4]

In summary, there are numerous genuinely disputed issues of material fact interwoven throughout the claims and counterclaims presented in this action.  Even if there were discrete sub-issues which could conceivably be determined as a matter of law, the number and nature of disputed issues makes this action a poor candidate for even partial determination at this stage.  The claims and issues presented for

---

[4] The court likewise does not, in this order, treat the merits of any assertion of breach of an implied duty of good faith and fair dealing.  Outside of the insurance context, claims grounded on an assertion of breach of an implied duty of good faith and fair dealing can be legally problematic.

determination are most appropriately determined at trial, with the benefit of a complete evidentiary record.  Construing all of the disputed facts in Buray's favor as it must at this stage, the court concludes that KAL has not shown it is entitled to summary judgment in its favor.

After careful consideration of the parties' submissions, the record, and the relevant legal authorities, KAL's motion for summary judgment is **DENIED**.

Dated this 17th day of May, 2007.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0619p033(pub).wpd